UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY MCRAE,

        Plaintiff,                     Civil Action No. 17-cv-12757

       v.                             District Judge Terrence G. Berg

COMMISSIONER OF               Magistrate Judge Mona K. Majzoub
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Tracy McRae seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that she is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 15) and Defendant's Motion for Summary Judgment (docket no. 17). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 4.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

I.     RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 15) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 17) be **GRANTED**, and that the case be dismissed in its entirety.

## II. PROCEDURAL HISTORY

On October 16, 2014, Plaintiff applied for Disability Insurance Benefits ("DIB"), alleging that she has been disabled since February 23, 2014. (TR 192.) The Social Security Administration initially denied Plaintiff's claims on January 5, 2015. (TR 142.) On May 13, 2016, Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge (ALJ) Kari Deming. (TR 86-127.) On June 16, 2016, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 25-38.) Plaintiff requested a review of the ALJ's decision with the Appeals Council, which was denied on June 23, 2017. (TR 1-3.) On August 22, 2017, Plaintiff commenced this action for judicial review. (Docket no. 1.) The parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 15; docket no. 17.)

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of her medical issues. (Docket no. 15, pp. 7-13.) In addition, the ALJ summarized Plaintiff's medical record (TR 30-36), and Defendant provided its own summary of the evidence (docket no. 17, pp. 5-9). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2018, and that Plaintiff did not engage in substantial gainful

activity since February 23, 2014, the alleged onset date. (TR 30.) The ALJ found that Plaintiff had the following severe impairments: "uterine prolapse and cystocele, s/p hysterectomy with pelvic reconstructive surgery, lumbar spondylosis, rotator cuff syndrome, fracture of right tibia and fibula, s/p surgical repair and hardware insertion with non-malunion and osteomyelitis." (*Id*.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 32.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) with the following limitations:

- Plaintiff can sit, stand and walk up to the exertional limits, but can stand and walk only 15 minutes at a time;
- Plaintiff can occasionally climb, crawl, kneel, crouch, and stoop;
- Plaintiff can occasionally reach forward, laterally or overhead with the right upper extremity;
- Plaintiff must avoid workplace hazards and exposure to uneven terrain; and
- Plaintiff must be able to elect to elevate one foot to foot-stool height whenever seated.

(TR 33.) On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC and skills acquired from past relevant work could perform the requirements of occupations that exist in significant numbers in the national economy, including inspector (DOT 669.687-014), sorter, addresser (DOT 209.587-018), and sealer, polisher, trimmer (DOT 713.684-038). (TR 37.) Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time between the alleged onset date and the date of the decision. (TR 38.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where

4

the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.     Analysis**

Plaintiff contends that the ALJ erred in two respects.  First, Plaintiff asserts that the ALJ failed to account for Plaintiff's mental impairments.  (Docket no. 15, pp. 17-19.)  Second, Plaintiff alleges that the RFC determination is not supported by substantial evidence to the extent that it requires Plaintiff to have the option to elevate one foot to foot-stool height.  (*Id.* at 15-17.)  The undersigned will address these arguments in turn below.

*1.  Mental Impairments*

Plaintiff contends that the ALJ erred by determining that her mental impairments, including anxiety, depression and insomnia, were not "severe." (*Id.* at 17-19.)  Plaintiff further asserts that this error was not harmless because a finding of severe mental impairments would have limited her to unskilled work.  (*Id.* at 19.)

As an initial matter, after an ALJ makes a finding of severity as to even one impairment, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'"  *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (citing Soc. Sec. Rul. 96–8p, 1996 WL 374184, at *5).  Accordingly, once a claimant "clears" step two of the analysis, the fact that some of the claimant's impairments are not deemed to be severe at step two is "legally irrelevant."  *See Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)).

Moreover, even if the ALJ determined that Plaintiff's mental impairments were severe, that conclusion would not automatically limit Plaintiff to unskilled work.  Social Security Ruling 85-15 provides that after finding a severe mental impairment, the ALJ must proceed to "consider whether the individual can meet the mental demands of past relevant work in spite of the limiting

effects of his or her impairment and, if not, whether the person can do other work, considering his or her remaining mental capacities reflected in terms of the occupational base, age, education, and work experience." *Titles II & XVI: Capability to Do Other Work—The Medical-Vocational Rules As A Framework for Evaluating Solely Nonexertional Impairments*, SSR 85-15 (S.S.A. 1985). That provision also directs that "[m]ental impairments may or may not prevent the performance of a person's past jobs" and that such limitations "may or may not prevent an individual from transferring work skills." *Id.* "A claimant's severe impairment may or may not affect his or her functional capacity to do work. One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, at *5 (E.D. Mich. July 14, 2004).

Accordingly, the only relevant question is whether substantial evidence supports the ALJ's determination that Plaintiff, despite her mental impairments, could perform occupations that are skilled or semi-skilled. In support of a limitation to unskilled work, Plaintiff asserts that she has difficulties with "understanding, memory, completing tasks following instructions, concentration, and, getting along with others." (Docket no. 15, p. 18.) Plaintiff also asserts that she "has had consistent complaints of, and treatment for, depression and anxiety, . . . and has been medicated with multiple psychiatric medications concurrently since at least 2013." (*Id.* at 19.)

In her decision, the ALJ emphasized that the record contained "sparse evidence of any mental health treatment," and noted that Plaintiff "apparently presented complaints of anxiety to her primary care physician, but otherwise did not seek specialized mental health treatment." (TR 32.) The ALJ determined that "this lack of treatment is inconsistent with [Plaintiff's] allegations of disabling symptoms." (*Id.*) In addition, the ALJ gave "moderate weight" to the report of state-agency psychologist Jerry Csokasy, Ph.D., who opined that Plaintiff's depression and

7

anxiety caused only mild limitations in Plaintiff's activities of daily living, social functioning, and concentration, persistence or pace. (TR 32, 133.) On this basis, the ALJ declined to adopt limitations based on Plaintiff's mental impairments. The reported symptoms and medications highlighted by Plaintiff do not require a contrary finding.

Accordingly, the ALJ did not err by determining that Plaintiff had the capacity to perform occupations involving skills attained in her past relevant work.

### 2. *Leg-Lifting Limitation*

As set forth above, the ALJ determined that Plaintiff has the RFC to perform sedentary work subject to certain limitations, including that Plaintiff must be able to "elect to elevate one foot to foot-stool height whenever seated." (TR 33.) Plaintiff asserts that the limitation regarding elevation to "foot stool" level is not supported by substantial evidence. (Docket no. 15, p. 15.)

Plaintiff contends that the RFC should have allowed her the option to raise her leg above heart-level. (*Id.*) In support, Plaintiff cites her own testimony that "she has to elevate her feet at heart level as needed, usually three to four times a day for a half an hour at a time." (TR 142-43.) Plaintiff asserts that "there is no basis to find that elevating her leg lower than heart level would be of any benefit at all." (Docket no. 15, p. 17.)

In discussing Plaintiff's physical limitations, the ALJ determined that "the intensity of [Plaintiff's] symptoms and their alleged impact on her functioning is not consistent with the totality of the evidence." (TR 34.) In finding that Plaintiff was not entirely credible, the ALJ noted that Plaintiff "has described daily activities which are not limited to the extent one would expect" and that Plaintiff "missed physical therapy sessions because of vacation." (TR 35-36.) The ALJ also observed that "the record does not contain any opinions from treating or examining

8

physicians indicating that [Plaintiff] is disabled or even has limitations greater than those determined in this decision." (TR 36.) Plaintiff does not dispute the credibility determination, and does not point to any medical opinions imposing a leg-lifting requirement.

It appears from the record that the ALJ erred on the side of accommodating Plaintiff. Although none of Plaintiff's doctors recommended the foot-stool limitation adopted by the ALJ, there is no persuasive evidence in support of a more stringent limitation. Accordingly, the inclusion of the leg-lifting limitation is a harmless error.

## VI. CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 15) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 17) be **GRANTED**, and that the case be dismissed in its entirety.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 22, 2018			s/ Mona K. Majzoub
					MONA K. MAJZOUB
					UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: June 22, 2018			s/ Leanne Hosking
					Case Manager