# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| TRACY MCRAE, <br><br> Plaintiff, <br><br> vs. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | 2:17-CV-12757-TGB <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 18) |

This matter is before the Court on Magistrate Judge Mona K. Majzoub's report and recommendation of June 22, 2018 (Dkt. 18), recommending that Plaintiff's motion for summary judgment be denied, that Defendant's motion for summary judgment be granted, and that the findings and conclusions of the Commissioner be affirmed.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1). Plaintiff filed timely

objections (Dkt. 19) to the report and recommendation; Defendant filed a response (Dkt. 20) to Plaintiff's objections.  This Court must conduct a de novo review of the parts of a report and recommendation to which a party objects.  *See* 28 U.S.C. § 636(b)(1).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  *Id*.

The Court has reviewed Magistrate Judge Majzoub's report and recommendation, and Plaintiff's objections thereto.  For the reasons set forth below, Plaintiff's objections are **OVERRULED**, and the report and recommendation is **ACCEPTED** and **ADOPTED** as the Court's findings of fact and conclusions of law.  Consequently, the decision of the Commissioner denying Plaintiff's disability claim is **AFFIRMED**.

## ANALYSIS

**A. The Social Security Act**

The Social Security Act (the Act) "entitles benefits to certain claimants who, by virtue of a medically determinable physical or mental

2

impairment of at least a year's expected duration, cannot engage in 'substantial gainful activity.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 42 U.S.C. § 423(d)(1)(A)). A claimant qualifies as disabled "if []he cannot, in light of h[is] age, education, and work experience, 'engage in any other kind of substantial gainful work which exists in the national economy.'" *Combs*, 459 F.3d at 642 (quoting 42 U.S.C. § 423(d)(2)(A)).

Under the authority of the Act, the Social Security Administration (SSA) has established a five-step sequential evaluation process for determining whether an individual is disabled. See 20 C.F.R. § 404.1520(a)(4). The five steps are as follows:

> In step one, the SSA identifies claimants who "are doing substantial gainful activity" and concludes that these claimants are not disabled. [20 C.F.R.] § 404.1520(a)(4)(i). If claimants get past this step, the SSA at step two considers the "medical severity" of claimants' impairments, particularly whether such impairments have lasted or will last for at least twelve months. *Id*. § 404.1520(a)(4)(ii). Claimants with impairments of insufficient duration are not disabled. *See id*. Those with impairments that have lasted or will last at least twelve months proceed to step three.
>
> At step three, the SSA examines the severity of claimants' impairments but with a view not solely to their duration but also to the degree of affliction imposed. *Id*. § 404.1520(a)(4)(iii). Claimants are conclusively presumed to be disabled if they suffer from an infirmity that appears on the SSA's special list of impairments, or that is at least equal in severity to those listed. *Id*. §

3

404.1520(a)(4)(iii), (d). The list identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. *See Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). A person with such an impairment or an equivalent, consequently, necessarily satisfies the statutory definition of disability. For such claimants, the process ends at step three. Claimants with lesser impairments proceed to step four.

In the fourth step, the SSA evaluates claimant's "residual functional capacity," defined as "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). Claimants whose residual functional capacity permits them to perform their "past relevant work" are not disabled. *Id*. § 404.1520(a)(4)(iv), (f). "Past relevant work" is defined as work claimants have done within the past fifteen years that is "substantial gainful activity" and that lasted long enough for the claimant to learn to do it. *Id*. § 404.1560(b)(1). Claimants who can still do their past relevant work are not disabled. Those who cannot do their past relevant work proceed to the fifth step, in which the SSA determines whether claimants, in light of their residual functional capacity, age, education, and work experience, can perform "substantial gainful activity" other than their past relevant work. *See id*. § 404.1520(a)(4)(v), (g)(1). Claimants who can perform such work are not disabled. *See id*.; § 404.1560(c)(1).

*Combs*, 459 F.3d at 642–43.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that []he is precluded from performing h[is] past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). If the analysis reaches the fifth step, the burden transfers to the Commissioner. *See Combs*, 459 F.3d at 643. At that point, the Commissioner is required to show that "other jobs in significant numbers exist in the national

4

economy that [claimant] could perform given her RFC and considering relevant vocational factors." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

Judicial review of the Commissioner's final decision is authorized pursuant to 42 U.S.C. § 405(g). If the Appeals Council denies review, then the ALJ's decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 404.981. Judicial review, however, is circumscribed in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quotation marks omitted) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)). This substantial evidence standard is less exacting than the preponderance of evidence standard. *See Bass*, 499 F.3d at 509 (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996)). For example, if the ALJ's decision is supported by substantial evidence, "then reversal would not

5

be warranted even if substantial evidence would support the opposite conclusion." *Bass*, 499 F.3d at 509.

**B. The ALJ's Decision is Supported by Substantial Evidence**

Plaintiff raises one objection to the Report and Recommendation, namely, that Magistrate Judge Majzoub did not properly weigh the medical evidence on Plaintiff's mental health disorders, including depression and anxiety.

The ALJ's written opinion explained that Plaintiff's mental impairments did not cause more than a minimal limitation in her ability to do basic work activities, and cited her abilities to attend to personal care, prepare meals, do household chores, shop, manage her finances, and socialize with her family (Dkt. 11, Pg ID 63 [Tr. 31]). The ALJ also noted that there was no evidence that Plaintiff had difficulties with memory or concentration and that there was "sparse evidence of any mental health treatment" (Dkt. 11, Pg ID 65 [Tr. 33]). Finally, the ALJ cited State agency psychologist Dr. Csokasy's opinion in support of this finding (Dkt. 11, Pg ID 64 [Tr. 32] citing Pg IDs 165-166 [Tr. 132-33]). Magistrate Judge Majzoub correctly found this analysis supported by substantial evidence, specifically noting the ALJ's emphasis on Plaintiff's lack of

6

mental health treatment and the ALJ's reliance on Dr. Csokasy's opinion (Dkt. 18 at Pg ID 658-659). Plaintiff's objections do not point to any concrete medical records that Magistrate Judge Majzoub or the ALJ allegedly disregarded or overlooked. Relatedly, Plaintiff also objects to Magistrate Judge Majzoub's citation of *Nejat v. Comm'r of Soc. Sec.*, 359 Fed. App'x 574 (6th Cir. 2009) for the proposition that that the ALJ must consider limitations imposed by non-severe impairments. This is a correct statement of the law, and Magistrate Judge Majzoub's reliance on this opinion is not error.

In sum, Plaintiff's objection does not warrant disturbing Magistrate Judge Majzoub's recommendation. As such, the Court hereby **ACCEPTS AND ADOPTS** Magistrate Judge Majzoub's report and recommendation (Dkt. 19) as this Court's findings of fact and conclusions of law. Plaintiff's motion for summary judgment (Dkt. 15) is **DENIED**, Defendant's motion for summary judgment (Dkt. 17) is **GRANTED**, and the findings and conclusions of the Commissioner are **AFFIRMED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: October 29, 2018

## **Certificate of Service**

    I hereby certify that this Order was electronically submitted on October 29, 2018, using the CM/ECF system, which will send notification to each party.

                                              s/A. Chubb
                                              Case Manager